IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ALBERTO MARIN, §
TDCJ #919404, §
 §
    Plaintiff, §
 §
v. § CIVIL ACTION NO. H-16-2718
 §
WILLIAM STEPHENS, §
et al., §
 §
    Defendants. §

## MEMORANDUM OPINION AND ORDER

State inmate Alberto Marin (TDCJ #919404) has filed a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 ("Complaint")(Docket Entry No. 1), alleging that he has received inadequate medical care while in prison. Marin has also filed a "Statement of Fact" to supplement his claims (Docket Entry No. 19). Defendants Stephanie Abron, Robert Friedman, Jerry Palacio, and James Stubbs have filed a Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) ("Defendants' Motion")(Docket Entry No. 24). Marin has responded with a Motion for Leave to File an Amended Complaint (Docket Entry No. 27), an "Opposition" to Defendants' Motion (Docket Entry No. 28), and some exhibits (Docket Entry No. 29). After reviewing all of the pleadings, and the applicable law, the Defendants' Motion will be granted in part and denied in part for the reasons explained below.

## I. Background

### A. Parties

The plaintiff, Alberto Marin, is presently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Jester III Unit in Richmond, Texas.[1] Marin is approximately 52 years old, with a history of persistent swelling or cellulitis in his left leg.[2] He also suffers from diabetes,[3] and he reportedly has a history of chronic back pain.[4]

There are four remaining defendants,[5] including two physicians (Dr. Stephanie Abron and Dr. Robert Friedman) and two physical therapists (Jerry Palacio and James Stubbs).[6] All of the defendants are employed by TDCJ at the Jester III facility, which is a "medical unit" that features "24-hour medical care, seven days a week, and specialty clinics such as brace and limb, occupational therapy, and physical therapy."[7] The Jester III Unit also houses

---

[1] Complaint, Docket Entry No. 1, pp. 1, 4.

[2] Progress Notes, Docket Entry No. 29, pp. 6-7.

[3] Statement of Fact, Docket Entry No. 19, 4.

[4] Motion for Leave to File an Amended Complaint, Docket Entry No. 27, p. 1.

[5] See Order to Answer, Docket Entry No. 20, pp. 4-5 (dismissing with prejudice claims against former TDCJ Director William Stephens, Warden Troy Simson, Practice Manager Susan Dostal, Nurse Manager Marisol Gemin, and Security Officer Aremus pursuant to 28 U.S.C. § 1915A).

[6] Complaint, Docket Entry No. 1, pp. 4-5.

[7] Defendants' Motion, Docket Entry No. 24, p. 5, n.3.

the Assistive Disability Services ("ADS") program.[8] According to Marin, Dr. Abron is director of the ADS program and is "the doctor who assesses all patients for wheelchair placement and or medical devices."[9]

**B.   Plaintiff's Allegations**

Alleging that he has been denied adequate medical care at the Jester III facility, Marin executed his pending Complaint against the defendants on August 14, 2016.[10] Although the pleadings do not present a precise chronology, Marin provides the following account of his medical condition and course of treatment.

Marin explains that he suffers from "edema" or swelling as the result of surgery to repair a torn meniscus in his left knee.[11] The surgery was performed at the University of Texas Medical Branch ("UTMB") John Sealy Hospital in Galveston on November 19, 2010.[12] On January 21, 2011, Marin was transferred to the Jester III Unit for physical therapy.[13] Marin claims that two UTMB physicians who are not parties here (Dr. Cheema at the UTMB Hospital and Dr. Ahmad at the Jester III Unit) advised him to avoid putting pressure on

---

[8]Id.

[9]Motion for Leave to File an Amended Complaint, Docket Entry No. 27, p. 1.

[10]Complaint, Docket Entry No. 1, p. 7.

[11]Statement of Fact, Docket Entry No. 19, p. 1.

[12]Id. at 1-2.

[13]Id. at 2.

his left leg, but that Palacio contradicted these physicians by forcing him to walk with crutches or a walker during physical therapy.[14]

On March 10, 2011, Marin was given crutches and transferred to the Wynne Unit in Huntsville.[15] Subsequently, Marin was treated at Huntsville Memorial Hospital and transferred to UTMB with a high fever and swelling in his left leg.[16] Marin was diagnosed with "lymphedema" and assigned to the Carol Young Medical Facility, where he was placed in a wheelchair.[17]

At some point, Marin was discharged with crutches and transferred to the C.T. Terrell Unit in Rosharon.[18] After Marin fell and hurt himself, however, medical personnel at the Terrell Unit replaced Marin's crutches with a "walker with wheels."[19] Marin states that he used the walker for about a year and a half, but that this resulted in "a lot of pain" because he fell "many times."[20]

---

[14] Id.

[15] Id.

[16] Id.

[17] Id.

[18] Id.

[19] Id.

[20] Id.

In 2013, a nurse practitioner at the Terrell Unit noted that Marin had difficulty ambulating and was prone to fall.[21] The nurse practitioner believed that Marin would not benefit from physical therapy, but would benefit from use of a wheelchair.[22] Marin was then transferred to the Jester III Unit for evaluation, presumably by the ADS program, and given a series of temporary wheelchair passes through the end of October 2014.[23]

In May of 2015, Marin was referred for additional physical therapy at the Jester III Unit.[24] Noting that two physicians (Dr. Cheema and Dr. Ahmad) had previously advised him not to put pressure on the leg, Marin alleges that Palacio and Stubbs unreasonably forced him to walk unassisted by a wheelchair during physical therapy, causing him "extreme pain" and "obvious discomfort."[25]

Marin contends that he needs a permanent wheelchair pass because he has fallen and hurt himself "on numerous occasions" and his left leg is "extremely swollen."[26] Marin describes his left leg

---

[21]Step 1 Grievance #2013095327, Docket Entry No. 19-1, p. 2.

[22]Id.

[23]Offender Medical Passes, Docket Entry No. 19, pp. 8-14.

[24]Statement of Fact, Docket Entry No. 19, p. 3.

[25]Id. at 5.

[26]Id. at 3-4. Marin clarifies that he fell "on or around" may 31, 2015, June 17, 2015, July 15, 2015, and "many more dates that
(continued...)

as increasingly swollen, "turning a dark red" to the point that it is "almost black," alleging further that he "literally cannot walk" or apply pressure to his leg.[27] In this condition, Marin cannot shower properly and he has difficulty using the bathroom.[28] Marin also has difficulty navigating to the infirmary and the cafeteria on a daily basis or to any other destination in the prison.[29] Despite these difficulties, Marin alleges that Dr. Abron has ignored "orders" from other physicians to give Marin a wheelchair.[30]

Without a wheelchair, Marin contends that he has fallen and hurt his legs, back, and hands.[31] Marin states that he has complained to Dr. Friedman "numerous times," requesting a wheelchair and treatment by a specialist, but that Dr. Friedman has not issued him a pass or approved him to be seen by a specialist at UTMB.[32] Alleging that the defendants have acted with deliberate indifference to his serious medical needs, Marin seeks injunctive relief in the form of a permanent wheelchair pass and monetary

---

[26](...continued)
[were] not placed in the medical records." Opposition, Docket Entry No. 28, p. 2.

[27]Statement of Fact, Docket Entry No. 19, p. 4.

[28]Id.

[29]Id.

[30]Id.

[31]Id.

[32]Id. at 3-4.

damages in the amount of $300,000.00 for the violation of his Eighth Amendment rights.[33]

C. **Defendants' Motion for Judgment on the Pleadings**

Invoking Rule 12(c) of the Federal Rules of Civil Procedure, the defendants move for the judgment on the pleadings. In particular, the defendants argue that the Complaint should be dismissed for the following reasons: (1) the governing statute of limitations bars review of claims that accrued before August 14, 2014; (2) official immunity bars recovery of monetary damages against the defendants in their official capacity as state employees; and (3) the defendants are entitled to qualified immunity from suit because Marin does not articulate a constitutional violation of the Eighth Amendment.[34]

D. **Plaintiff's Motion for Leave to Amend**

In response to Defendants' Motion, Marin has filed Motion for Leave to File an Amended Complaint, which is deficient in several respects. Although Marin has included a "Certificate of Service" with his Motion, it is evident that he did not serve the defendants or their counsel of record.[35] Instead, he asks the Clerk of Court

---

[33]Complaint, Docket Entry No. 1, p. 6.

[34]Defendants' Motion, Docket Entry No. 24, pp. 3-9.

[35]Motion for Leave to File an Amended Complaint, Docket Entry No. 27, p. 3.

to serve the defendants with a copy of the Motion on his behalf.[36] As explained to Marin previously, it is his responsibility to serve defendants' counsel of record with a copy of every pleading, motion, or other document submitted to the court.[37] Because Marin has not complied with this order, the court may "disregard" his Motion for lack of service.[38]

More importantly, Marin does not provide a proposed amended complaint along with his Motion and he does not otherwise provide additional facts or helpful details that enhance his claims in a meaningful way. As a result, Marin's Motion for Leave to File an Amended Complaint will be denied as futile. See Marucci Sports, LLC v. National Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014); see also Stipling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000) (holding that leave to amend may be denied as futile if the proposed amendment would fail to state a claim upon which relief could be granted).

## II. **Standard of Review**

The Defendants' Motion is governed by Rule 12(c) of the Federal Rules of Civil Procedure, which provides that "[a]fter the pleadings are closed but within such time as not to delay the

---

[36]Id.

[37]Order Regarding Motion to Proceed In Forma Pauperis and Advisory, Docket Entry No. 8, pp. 3-4.

[38]Id.

trial, any party may move for judgment on the pleadings." A motion brought pursuant to Rule 12(c) is "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002) (citing Hebert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (per curiam); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509-10 (1990)). The standard for deciding a motion filed under Rule 12(c) is the same as the one governing motions filed under Rule 12(b)(6). See Great Plains Trust Co., 313 F.3d at 313 n.8 (citation omitted).

Motions to dismiss under Rule 12(b)(6) are appropriate only where the plaintiff's complaint fails to state a claim upon which relief can be granted. Federal pleading rules require only "a short and plain statement of the claim" showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a). As the Supreme Court has emphasized, Rule 8 does not require "heightened fact pleading of specifics," Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1975 (2007), or "detailed factual allegations." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" Id. (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 127 S. Ct. at 1965). "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted). However, courts are not bound to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or legal conclusions couched as factual assertions. Iqbal, 129 S. Ct. at 1949; see Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011) ("[P]laintiffs must allege facts that support the elements of a cause of action in order to make out a valid claim") (citation omitted).

### III. Discussion

#### A. Statute of Limitations

The defendants argue that some of Marin's claims, such as those taking issue with medical care dating back to 2011, are stale and barred by the governing statute of limitations.[39] Civil rights claims under 42 U.S.C. § 1983 are governed by a two-year statute of

---

[39] Defendants' Motion, Docket Entry No. 24, pp. 6-7.

limitations. See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). This means that Marin had two years from the time that a claim accrued to file a civil rights complaint. See Gonzalez v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998). A cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action. See id.

The record confirms that Marin complains about mistreatment that he was aware of in 2011-13,[40] but that he did not execute his Complaint until August 14, 2016.[41] To the extent that Marin contends that he was denied adequate medical care at any time before August 14, 2014, those claims are untimely and subject to dismissal for that reason. See Gartell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). Accordingly, the Court will grant the Defendants' Motion to dismiss claims accruing before August 14, 2014, as barred by limitations.

### B. Eleventh Amendment Official Immunity

The defendants contend that they are entitled to "Eleventh Amendment immunity" from Marin's claims against them in their

---

[40]Statement of Fact, Docket Entry No. 19, pp. 2, 5 (complaining about physical therapy performed by Palacio in 2011); Step 1 Grievance #2013095327, Docket Entry No. 19-1, pp. 1-3 (referencing physical therapy and medical issues that Marin was aware of in 2012 and 2013).

[41]Complaint, Docket Entry No. 1, p. 7.

official capacity as state employees.[42] Unless expressly waived, the Eleventh Amendment bars an action in federal court by, inter alia, a citizen of a state against his or her own state, including a state agency. See Martinez v. Texas Dep't of Criminal Justice, 300 F.3d 567, 574 (5th Cir. 2002). As a state agency, TDCJ is immune from a suit for money damages under the Eleventh Amendment. See Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). It is also settled that the Eleventh Amendment bars a recovery of money damages under 42 U.S.C. § 1983 from state employees in their official capacity. See Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2001); Aguilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998). Thus, the court will grant the Defendants' Motion to dismiss Marin's request for monetary damages against them in their official capacity.

There is a narrow exception to Eleventh Amendment immunity where claims for injunctive relief are concerned. See Aguilar, 160 F.3d at 1054 (citing Ex parte Young, 28 S. Ct. 441 (1980)). Marin requests injunctive relief in the form of a permanent wheelchair pass,[43] but the defendants do not address this claim. Therefore,

---

[42]Defendants' Motion, Docket Entry No. 24, p. 9.

[43]Complaint, Docket Entry No. 1, p. 6.

the court does not address whether the defendants are entitled to immunity from Marin's claim for injunctive relief.[44]

C. **Qualified Immunity**

The defendants also move for judgment in their favor on the claims for monetary damages against them in their individual or personal capacity.[45] In particular, the defendants argue that they are entitled to qualified immunity from suit because Marin has not alleged facts establishing that they acted with the requisite deliberate indifference to a serious medical need in violation of the Eighth Amendment.[46]

Public officials acting within the scope of their authority generally are shielded from civil liability by the doctrine of qualified immunity. See Harlow v. Fitzgerald, 102 S. Ct. 2727, 2738 (1982). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 106 S. Ct. 1092, 1096 (1986). A plaintiff seeking to overcome qualified immunity must show: "(1) that the official

---

[44]Likewise, "[n]either absolute nor qualified personal immunity extends to suits for injunctive or declaratory relief under § 1983." Chrissy F. by Medley v. Mississippi Dep't of Public Welfare, 925 F.2d 844, 849 (5th Cir. 1991) (citations omitted); see also Williams v. Ballard, 466 F.3d 330, 334 n.7 (5th Cir. 2006) ("Qualified immunity does not protect officials from injunctive relief.") (citing Orellana v. Kyle, 65 F.3d 29, 33 (5th Cir. 1995)).

[45]Defendants' Motion, Docket Entry No. 24, pp. 7-8.

[46]Id. at 3-6.

violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) (citation omitted).

A prison inmate's claims of inadequate medical care are governed by the Eighth Amendment, which prohibits cruel and unusual punishment. See Estelle v. Gamble, 97 S. Ct. 285, 291 (1976). "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006) (internal quotation marks and citation omitted). "Deliberate indifference is an extremely high standard to meet." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). A prison official acts with deliberate indifference only if he knows that an inmate faces a substantial risk of serious harm and disregards that risk. Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted). A showing of deliberate indifference requires the prisoner to demonstrate that prison officials "refused

to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. (internal quotation and citation omitted).

Defendants contend that Marin cannot state a claim under the Eighth Amendment because his allegations "simply" reflect that he disagrees with or "does not like the medical care he is receiving or has received."[47] As a pro se litigant Marin's pleadings are entitled to a liberal construction, meaning they are subject to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 92 S. Ct. 594, 596 (1972). Marin's pleadings, which are summarized in more detail above, appear to allege more than mere dissatisfaction with the level of his medical care. In that respect, Marin appears to contend that Dr. Abron has denied him a wheelchair and sent him to physical therapy despite the fact that he has fallen repeatedly, injuring himself numerous times when forced to use crutches or a walker.[48] Marin alleges further that he has asked Dr. Friedman numerous times for a wheelchair or referral to a specialist to correct the problem with his left leg, but that Dr. has not helped him.[49] As a result, Marin alleges that he has been required to participate in physical

---

[47]Defendants' Motion, Docket Entry No. 24, p. 5.

[48]Statement of Fact, Docket Entry No. 19, p. 4.

[49]Id. at 4-5.

therapy with Palacio and Stubbs, who have forced him to walk unassisted despite obvious discomfort, causing severe swelling, discoloration, extreme pain, and an utter inability to walk or put pressure on his left leg.[50] Construed generously, Marin alleges that the defendants have refused him treatment (i.e., by providing a wheelchair) and ignored his complaints of pain.

Accepting Marin's allegations as true and viewing the facts in the light most favorable to plaintiff as required for purposes of review under Rule 12(b)(6), this is sufficient at the pleadings stage of the lawsuit to state a potential violation of a clearly established right under the Eighth Amendment and to overcome the defendants' assertion of qualified immunity. Although Marin may not ultimately prevail, judgment on the pleadings inappropriate in light of the allegations. Accordingly, the court will deny the Defendants' Motion to dismiss the claims against them in their individual capacity at this time, subject to reconsideration in a properly supported motion for summary judgment or other appropriate motion.

### IV. Conclusion

Based on the foregoing, the court **ORDERS** as follows:

1. Defendants' Motion for Judgment on the Pleadings (Docket Entry No. 24) is **GRANTED** with respect to all claims that accrued before August 14, 2014, and all claims for monetary damages against the defendants in their official capacity as state employees.

---

[50] Id.

2. Defendants' Motion for Judgment on the Pleadings (Docket Entry No. 24) is **DENIED** in all other respects.

3. Plaintiff's Motion for Leave to File an Amended Complaint (Docket Entry No. 27) is **DENIED** at this time.

4. The defendants shall file any motion for summary judgment or other appropriate dispositive motion within **60 days** of the date of this order. The plaintiff will have **30 days** from the date shown on the defendants' certificate of service to respond.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 20th day of April, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE